GENOVESE, J.,
concurs in part, dissents in part, and assigns the following reasons.
hi concur with the majority in the affirmation of Defendant’s conviction and sentence on the charge of possession of cocaine. However, I respectfully dissent from the majority as to the affirmation of Defendant’s conviction and sentence on the charge of attempted obstruction of justice.
The Defendant asserts that the State failed to present sufficient evidence to support his conviction of attempted obstruction of justice. I agree. The record clearly indicates that both eyewitnesses testified that they did not see the Defendant throw anything out of the window. One of the eyewitnesses wrote in the incident report that “the driver threw a crack rock.” This is the crux of the evidence in the record in support of Defendant’s conviction of attempted obstruction of justice. It is uncontroverted that the Defendant was seated in the front passenger’s seat of the vehicle alongside the driver of the vehicle, Albert Gene Isaac, and that the officers saw what appeared to be a rock of crack cocaine fly out of the driver’s window. Mr. Isaac did not testify. No one testified that it was the Defendant who threw the rock of cocaine out of the driver’s window. There was no evidence that he did so, and it cannot be presumed that he did so.
Even under the Jackson standard, the evidence presented by the State to the lyjury is insufficient to prove beyond a reasonable doubt that the Defendant had the specific intent to attempt to obstruct justice. I would reverse the Defendant’s conviction on the charge of attempted obstruction of justice, set aside his sentence, and enter a judgment of acquittal on that charge only.